UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHIAS FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14646** |
| **GRETNA CITY** | **SECTION "A" (3)** |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel [Doc. #14] filed by plaintiff Matthias Francois. The District Court referred the motion to the undersigned on June 21, 2017. [Doc. #17]. The motion is opposed. [Doc. #15]. Having reviewed the case law and the motion, the Court rules as follows.

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J. Oct. 17, 2002). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165,

1

1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence which must be adduced include,

(1) plaintiff's indigence and
(2) efforts made to secure counsel; however these are bare minimum *threshold* considerations.

Additionally, the Court should consider the following factors:

(a) the type and complexity of the case;
(b) whether the indigent is capable of presenting his case adequately;
(c) whether he is in a position to investigate his case adequately; and
(d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213.

The Court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

As noted above, it is clear that "[a] district court should appoint counsel in a civil rights case only if presented with *exceptional circumstances*." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). Having considered that fact, as well as the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), the Court finds that appointment of counsel is not warranted. Plaintiff's claims in this lawsuit are neither factually nor legally complex. Indeed, the claims are similar to those that this Court has already considered and dismissed, given plaintiff's failure to appear at a status conference and to prosecute the claims. *Francois v. Gretna*

*City, et al.*, Civ. A. No. 13-2640, E.D. La., [Doc. #130]. That order was upheld on appeal. [*See id.*, Doc. #140]. In that case, this Court also denied the appointment of counsel. [*See id.*, Doc. #100]. Moreover, there is no indication that extensive discovery or investigation will be required or that a trial, if one is necessary, will require skills beyond plaintiff's capabilities. And while plaintiff contacted the American Civil Liberties Union by letter to seek counsel, the Court finds that one contact by letter is a minimal effort on plaintiff's part.

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel [Doc. #14] is DENIED.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 25th day of July, 2017.

                                       **DANIEL E. KNOWLES, III**
                                       **UNITED STATES MAGISTRATE JUDGE**